## RICE *v.* GRANGE.

(*Supreme Court, General Term, First Department.* June 12, 1891.)

NEGOTIABLE INSTRUMENTS—CONSIDERATION—EXCHANGE OF NOTES.

> A note given by defendant to plaintiff's assignor in exchange for a note of like amount made by a third person, and indorsed by plaintiff's assignor, is supported by a sufficient consideration, and is not affected by the failure of such third person to pay the note held by defendant.

Appeal from circuit court, New York county.

Action by Henry A. Rice, as assignee of Earl B. Chace, for the benefit of his creditors, against James Grange on a promissory note in words and figures as follows:

"$636 48-100.                        NEW YORK, Dec. 16, 1889.

"Four months after date, I promise to pay to the order of Earl B. Chace & Co., six hundred and thirty-six 48-100 dollars, at 66 and 68 Duane St., N. Y. city. Value received.                   JAS. GRANGE.

"No.——. Due Apl. 19."

The Hawkins note, given in exchange for the above, is as follows:

"$636 48-100.                    NEW YORK, November 29, 1889.

"Four months after date, we promise to pay to the order of Earl B. Chace & Co. six hundred and thirty-six 48-100 dollars at the Commercial Bank, Brooklyn, value received.               W. M. & E. H. HAWKINS.

"Due Apl. 1."

There was a judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Drew & Page,* for appellant.    A. B. *Cruikshank,* for respondent.

VAN BRUNT, P. J. The uncontradicted facts appearing upon the trial were that in 1889 one Earl B. Chace was doing business in the city of New York under the firm name of Earl B. Chace & Co., and in December, 1889, one Pollard gave to the defendant a note of a firm of Hawkins & Co., indorsed by Chace & Co., and received in exchange therefor the defendant's note for the same amount; Pollard in this transaction acting as a broker for E. B. Chace & Co. When these notes became due neither of them were paid; and in July, 1890, E. B. Chace & Co. made an assignment for the benefit of creditors to the plaintiff, who thereupon brought this action to recover upon the note given by the defendant to Chace & Co. The answer alleged a failure of consideration as to the note sued upon because of default in payment of said note of Hawkins & Co., indorsed by Chace & Co. At the end of the testimony the defendant moved to amend his answer by setting up a counter-claim, which motion was denied. No exception, however, was taken to the ruling of the

court, and no order was entered. The defendant moved to submit the case to the jury, which was denied, and excepted to, and a verdict was directed in favor of the plaintiff. A motion was made for a new trial, which was denied, and from the judgment thereupon entered, and from the order denying a motion for a new trial, this appeal is taken. The ground upon which the defendant claims a reversal is that there was no consideration for the note sued upon. This is clearly untrue, because the note of Hawkins & Co. was as much a consideration as though the money had been paid in cash, and the simple fact that Hawkins & Co. did not pay in no way affected the title to the defendant's note. It is further urged that the answer sets up a counter-claim which should have been allowed. We have examined the answer in vain to find any suggestion of a counter-claim or offset. It is clear that no counter-claim could be set up, because no cause of action could be maintained against the assignee; and, even if an offset might be allowed, there are no allegations in the answer making any such claim whatever; the whole defense proceeding upon the theory of want of consideration. The point as to some agreement between the defendant and Chace by which each was released and discharged is not well taken, because there is no evidence to support it, and no allegation in the pleadings which justified the admission of any such evidence. Upon the whole case, therefore, we think that the judgment and order appealed from should be affirmed, with costs. All concur.